Baldwin, J.
If this is not an action of detinue brought in a court of chancery, it must be because the plaintiffs have asserted their demand by a bill instead of a declaration. It is a suit to recover a single slave, by the owners of the legal title, if any, against an adverse claimant, without any impediment whatever to the prosecution of the plain and adequate remedy at law. If there is any thing in the case, besides the sex of the slave, to give any the slightest colour of jurisdiction to a court of equity, I have not been able to find it. She had no issue, and of course there was no necessity for a discovery; and the ignorance of the plaintiffs, without the slightest enquiry, of a fact (that of issue) which^ never existed, can furnish no reason for coming into equity ; the more especially when such ignorance is not even suggested by them, but is to be surmised by the court from the interjection of a prayer for a discovery of the issue, “ if any.” It is perfectly clear as a general rule, that in a bill to substitute an equitable for a *327 legal forum, a prayer for a discovery, without any averment shewing its materiality or necessity, is naught. If this court has tolerated a departure from this rule, in regard to slave property, (Gregory’s adm’r v. Marks’s adm’r, 1 Rand. 355.) it has been where the necessity for a discovery was supposed to be incidental, at least prima facie, to the nature of the demand ; as where the suit is to recover a stock of slaves, after a considerable lapse of time, and there has been such an increase as would raise a fair presumption that the plaintiff is ignorant of their names, ages and residence. But even under such circumstances, if it may be inferred from the statements in the bill, or the evidence in the cause, that no such difficulty in point of fact exists, a court of equity will not take cognizance of the case, unless there be some other ground for the exercise of its equitable jurisdiction. Hardin’s ex’ors v. Hardin, 2 Leigh 572. To entertain jurisdiction of the cause before us would be to obliterate the line of demarcation between the two tribunals, so far as slave property is concerned, and permit actions of detinue for the recovery of slaves to be prosecuted indifferently in a court of law or a court of chancery, at the election of the claimant.
I think the decree ought to be reversed, and the bill dismissed with costs.
The other judges concurring, decree reversed and bill dismissed.